CENTRAL CITY WATER COMPANY *v.* KIMBER et al.

PRACTICE — *what must be expressed in a special case.* Where parties waive process and pleading, and come before the court upon an agreed case, the nature of the relief sought must be expressed in the agreement.

JURISDICTION — *upon a special case or statement of facts.* In such case the court acquires jurisdiction of the parties and of the subject-matter, by force of the agreement, and if nothing is expressed as to the judgment or decree to be rendered upon the facts stated, the court is not empowered to do any thing whatever in the premises.

*Appeal from District Court, Gilpin County.*

THERE was neither process nor pleading in the court below; the parties filed a paper as follows :

This agreement, made and entered into this 15th day of October, A. D. 1871, by and between the Central City Water Company and E. L. Salisbury, Job V. Kimber, Erasmus Garrott, Lawrence Miley, Robert W. Mead, —— Borham, William Fuller, Henry W. Lake, mill owners on North Clear creek,

Witnesseth : That, whereas, there is a dispute pending between said company and said mill owners, as to the right of said company to take and divert the waters of Peck gulch, and to run the same into Central City for public and private use, to wit: for fire purposes and use in houses and mills ; and, whereas, it is desirable that said dispute be speedily, and once for always, settled by legal adjudication without reference to technicalities, etc. Now, therefore, in consideration of the premises, it is hereby agreed :

1. That the said water company is duly incorporated under chapter 18, Revised Statutes of Colorado, and under all the several sections of said chapter relating to ditches and flumes, subject to all liabilities, and entitled to all benefits given by said chapter and said sections.

2. That the said company propose to take water out of Peck gulch, a tributary of North Clear creek, at a point about one hundred rods above its mouth, and convey water to Central by route designated ; and that such water is

thus diverted from North Clear creek, and does not reach it again, if at all, till at a point below a majority of the mills on North Clear creek.

3. That the mills owned by said mill owners are all situate on North Clear creek, at distances varying from two to four miles below the mouth of Peck gulch, and have been run and used by the present owners and grantors for periods of from two to ten years, and are both water and steam ; and that a certain amount of water is needed for each mill, both for the batteries and for steam purposes, all of which, as well as for water power, when used, has heretofore been taken from said North Clear creek.

4. It is also admitted and agreed, that, in a dry season of the year, the water is insufficient to use as an economic water power without the aid of steam, but is, most of the time, sufficient to supply the batteries and water for steam purposes.

5. It is also agreed and admitted, there is at least one stream running into said Clear creek below the mouth of Peck, and above all, or nearly all, of the mills.

6. It is further agreed, that this case shall be submitted to the district court of Gilpin county, at November session, upon the facts above set forth, and the evidence to be taken and presented as hereinafter mentioned ; and that the matter in dispute shall be submitted to said court at all events and without any delay or postponement, and that the decision of said court as to the right of said water company to take the water from said Peck gulch shall be final, except in case either party may wish to appeal, in which case such appeal may be taken to the supreme court, and this agreement and the evidence taken shall, together with the record, be taken as the record in this case, and such appeal shall be heard upon such record at the next session of the supreme court, and neither party shall be allowed to postpone the hearing thereof for any cause whatever.

It is further agreed, that, upon final decision of this cause, either by the district court or by the supreme court, both parties shall submit and make no attempt to deprive

the other of any right adjudged to belong to them or it, or to interfere with the waters of Peck gulch so as to diminish the flow legally going to the other, except upon agreement duly made.

It is further agreed, that no process need be issued herein ; that upon filing of this agreement with the clerk of the district court at its next session, all parties hereto shall be in said court, and subject to its jurisdiction, and that the costs in this case shall be paid, one-half by said company, and one-half by the mill owners.

It is also agreed, that each party shall choose a competent engineer, who shall choose a third, who shall make an accurate measurement of the water running in Peck gulch, both at its mouth, and at a point directly above the point from which the company propose to take the water out, and also the amount of increase of water by reason of the bed rock ditch, dug by said company. Also the amount of water running in North Clear creek, immediately above the mouth of Peck gulch, the amount running in said creek, immediately above Missouri gulch, and the amount running in said creek, at a point near the mill known as the Mammoth Company's mill, as well as the amount running in Missouri gulch, and report the same, under oath, to the court, at said November session, and lastly, all other testimony desired by either party may be taken in writing before the clerk of said court, on three days' notice, in writing, upon either Hugh Butler, Esq., or G. B. Reed, Esq., for the mill owners, or upon Willard or H. M. Teller, on part of the company ; such testimony to be taken in time, so as to not delay, in any manner, the hearing of said cause, and that no attempt shall be made by said company to take the water of said Peck gulch until a final decision has been had in the district or supreme court, except upon postponement of said hearing and decision by the said mill owners.

In witness whereof the parties have hereunto set their hands.

Edw. L. Salisbury, Job V. Kimber, L. C. Miley, Robert. W. Mead, Kimber, and Fullerton, H. W. Lake.

The court found for the plaintiffs, Kimber et al., and that the said defendant had not the right to take and divert the water of Peck gulch in said county, and to run the same into Central City in said county, for defendant's private purposes, to wit, for fire purposes, and for use in houses and mills.

Judgment was given against the defendant for costs.

Messrs. JOHNSON & TELLER, for appellant.

Mr. G. B. REID, for appellee.

HALLETT, C. J.    These parties appeared in the court below, with a statement of facts signed by appellees only, from which it appears that they desired an adjudication of some kind as to the right of appellant to divert the waters of Peck gulch from their natural channel. It does not appear that the waters of Peck gulch have been diverted, but it is stated that appellant proposes to do so, and the only paragraph in the agreed statement which conveys any information as to the nature of the relief sought is that in which it is agreed that the decision of the court as to the right of appellant to divert the waters of Peck gulch shall be final.    Usually a special case or statement of facts is made in a cause pending, where the nature of the relief sought is sufficiently indicated by the form of action.    But if parties waive process and pleading, and come before the court upon a naked statement of facts, there is nothing in the record to show what relief is desired unless it is expressed in the agreement itself.    The court acquires jurisdiction of the parties and of the subject-matter in such case by force of the agreement, and if nothing is expressed as to the judgment or decree, to be rendered upon the facts stated, the court is not empowered to do any thing whatever in the premises.    Courts are established to administer the law in cases of specific injury, and to render judgments and decrees is the essential power conferred upon them. All judicial proceedings are instituted and maintained for the purpose of obtaining specific relief, and this does not

appear to have been directed to that end. If parties may go before a court with a naked statement, of facts, and demand information as to their rights, without more, our courts will become schools of instruction, with little time to attend to their proper and legitimate duties. The question propounded in this record is interesting and probably important, but we must decline to answer it. When it becomes necessary to determine the rights of these parties, for the purpose of affording relief to either of them, we will cheerfully perform that duty, but we cannot engage in an idle discussion which would be without any definite result or legal character. The court below was authorized by the agreement of the parties to divide the costs of the proceeding between them, and this was not done, but all the costs were adjudged against appellant. As the matter of costs only was within the jurisdiction of the court, we do not think it necessary to remand the cause for the purpose of securing a correct judgment upon that point, and therefore the judgment will be reversed.

*Reversed.*